UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| MICHAEL COLOMBO,<br><br>              Plaintiff,<br>    v.<br><br>WASHINGTON DEPARTMENT OF NATURAL RESOURCES et al.,<br><br>              Defendant. | CASE NO. 3:24-cv-05887-DGE<br><br>ORDER ON MOTION TO DISMISS (DKT. NO. 15) |

**I    INTRODUCTION**

This matter comes before the Court on Defendants' motion to dismiss (Dkt. No. 15). For the reasons discussed herein, the Court GRANTS Defendants' motion to dismiss Plaintiffs' federal claims and declines to exercise supplemental jurisdiction over Plaintiffs' state law claims. The Court DISMISSES Plaintiffs' state law claims without prejudice.

**II    BACKGROUND**

This instant matter is one of many recent cases challenging either the facial legality or the implementation of Washington's COVID-19 vaccine mandate for state employees. On February

ORDER ON MOTION TO DISMISS (DKT. NO. 15) - 1

1  29, 2020, Washington Governor Jay Inslee declared a State of Emergency in Washington in

2  response to the deadly COVID-19 outbreak. *Shirley v. Wash. Dep't of Fish and Wildlife*., No.

3  3:23-CV-05077-DGE, 2025 WL 1374977, *1 (W.D. Wash. May 9, 2025). He issued

4  Proclamation 20-05, which imposed a "stay-home" order across the state and prohibited social,

5  recreational, and religious gatherings. (*Id*.) Eighteen months later, Governor Inslee issued

6  Proclamation 21-14 ("the Proclamation"), which required state employees to be fully vaccinated

7  by October 18, 2021, to continue employment with the state. (*Id*.) The Proclamation carved out

8  an exception to the vaccination requirement for employees who were entitled to disability related

9  accommodations or accommodations related to a sincerely held religious belief under relevant

10 anti-discrimination laws, including Title VII and the Washington Law Against Discrimination

11 ("WLAD"). (*Id*.)

12     This litigation concerns sixteen former state employees at the Washington Department of

13 Natural Resources ("WDNR"). (Dkt. No. 1 at 3.) The majority of the plaintiffs applied for a

14 religious exemption; were granted a religious exemption; but were denied accommodations.

15 (*Id*.)[1] Plaintiffs were then separated from their employment for failure to comply with the

16 vaccine mandate on October 18, 2021. (*Id*.) Plaintiffs state that "Defendants' exemption and

17 accommodation policies were substantially similar to other State administrative agencies'

18 exemption and accommodation policies," and suggest that "all State administrative agencies and

19 Defendants consciously and intentionally agreed to, and perpetrated, a statewide scheme to

20 terminate State employees who sincerely held a religious belief that conflicted with them getting

21 a [v]accine." (*Id*. at 26.)

---

[1] Two Plaintiffs did not apply for an exemption and were therefore not granted an accommodation. (Dkt. No. 1 at 3.)

ORDER ON MOTION TO DISMISS (DKT. NO. 15) - 2

In September of 2021, the WDNR entered into a collective bargaining agreement ("CBA") with the union that represented Plaintiffs. (*Id.* at 27.) As Plaintiffs describe it, "[t]he CBA provides each employer for a union member who was granted a medical or religious exemptions will conduct a diligent review and search for possible accommodations within the agency." (*Id.*) Plaintiffs allege that "Defendants did not allow any Plaintiff to have and [sic] input or interactive dialogue in the decision and did not allow them any opportunity to present their side of the story or submit rebuttal affidavits prior to Defendants deciding to involuntarily terminate their continued public employment." (*Id.*) Plaintiffs claiming to have religious objections to the COVID-19 vaccine do not elaborate on the nature of their religious beliefs in the Complaint. (*See generally* Dkt. No. 1.)

Plaintiffs bring multiple causes of action against Defendants WDNR and Hilary Franz: four claims alleging violations of the U.S. Constitution (specifically alleging violations of the Equal Protection Clause, Free Exercise Clause, the Due Process Clause of the Fourteenth Amendment, and the Contracts Clause); four claims under the Washington Constitution; and a claim under the Washington Law Against Discrimination ("WLAD"). (*Id.* at 32–55.) Defendants moved to dismiss. (Dkt. No. 15.)

### III     DISCUSSION

**A. Legal Standard**

Federal Rule of Civil Procedure 12(b) motions to dismiss may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't.*, 901 F.2d 696, 699 (9th Cir. 1988). Material allegations are taken as admitted and the complaint is construed in the plaintiff's favor. *Keniston v. Roberts*, 717 F.2d 1295 (9th Cir. 1983). "While a complaint attacked by a Rule 12(b)(6)

1 motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide
2 the grounds of his entitlement to relief requires more than labels and conclusions, and a
3 formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v.*
4 *Twombly*, 550 U.S. 544, 554–55 (2007) (internal citations omitted). "Factual allegations must be
5 enough to raise a right to relief above the speculative level, on the assumption that all the
6 allegations in the complaint are true (even if doubtful in fact)." *Id*. at 555. The complaint must
7 allege "enough facts to state a claim to relief that is plausible on its face." *Id*. at 547. "The court
8 need not, however, accept as true allegations that contradict matters properly subject to judicial
9 notice or by exhibit . . . . Nor is the court required to accept as true allegations that are merely
10 conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden*
11 *State Warriors*, 266 F.3d 979, 988 (9th Cir.), *opinion amended on denial of reh'g*, 275 F.3d 1187
12 (9th Cir. 2001).

**B. Analysis**

1. Federal claims

The Court begins by considering Plaintiffs' federal claims. Defendants assert Plaintiffs' federal constitutional claims against WDNR fail because the agency is not a "person" for purposes of 42 U.S.C. § 1983 and cannot be sued for monetary damages. (Dkt. No. 15 at 17.) Plaintiffs respond that WDNR "cannot be fairly said to be an agent of the state" and therefore should be considered amenable to suit under § 1983. (Dkt. No. 17 at 5–6.) This argument fails, however, as the Washington State Supreme Court has confirmed that "[o]ur legislature created DNR as an agent of the State to oversee and carry out the management of 'forest and land resources in the state,' including the state and forest board lands at issue." *Conservation Nw. v.*

*Comm'r of Pub. Lands*, 514 P.3d 174, 183 (Wash. 2022) (quoting Wash. Rev. Code § 43.30.010.).

"A litigant complaining of a violation of a constitutional right must utilize 42 U.S.C. § 1983." *Azul-Pacifico, Inc. v. City of Los Angeles*, 973 F.2d 704, 705 (9th Cir. 1992). A state agency, however, is not a person for purposes of 42 U.S.C. § 1983, *see Will v. Michigan Dep't of State Police*, 491 U.S. 58, 64 (1989), and cannot be sued for constitutional violations unless they affirmatively waive their sovereign immunity. Plaintiffs do not argue that WDNR waived its sovereign immunity and therefore fail to state a claim against WDNR on all of their federal constitutional claims. *See Gray v. Washington State Dep't of Transportation*, No. 3:23-CV-05418-DGE, 2023 WL 6622232, *2–*3 (W.D. Wash. Oct. 11, 2023), *aff'd sub nom*. *Gray v. Washington Dep't of Transportation*, No. 23-3278, 2024 WL 5001484 (9th Cir. Dec. 6, 2024); *Luxton v. Washington State Dep't of Veterans Affs.*, No. 3:23-CV-05238-DGE, 2025 WL 896658, *9–10 (W.D. Wash. Mar. 24, 2025); *Strandquist v. Washington State Dep't of Soc. & Health Servs.*, No. 3:23-CV-05071-TMC, 2024 WL 4645146, *6 (W.D. Wash. Oct. 31, 2024). As it is clear to the Court that no amendment could resolve the fact that the State has not waived sovereign immunity, the Court DISMISSES Plaintiffs' federal constitutional claims against WDNR without prejudice. *See Freeman v. Oakland Unified Sch. Dist.*, 179 F.3d 846, 847 (9th Cir. 1999).[2] Likewise, "[s]tate officers in their official capacities, like States themselves, are not

---

[2] Although the Complaint seeks both money damages and "injunctive relief of reinstatement" (Dkt. No. 1 at 55), Plaintiffs do not mention injunctive relief in their response to Defendants motion to dismiss. (*See generally* Dkt. No. 17.) However, for the purposes of thoroughness, the Court briefly notes that "it is well established that parties seeking injunctive relief against state officers in their official capacity must bring their suit under *Ex parte Young*, 209 U.S. 123 (1908)." *Strandquist,* 2024 WL 4645146, at *6 (citing *Virginia Off. for Prot. & Advoc. v. Stewart*, 563 U.S. 247, 254 (2011)). An *Ex parte Young* action requires parties to "allege[ ] an ongoing violation of federal law and seek[ ] relief properly characterized as prospective." *Verizon Maryland, Inc. v. Pub. Serv. Comm'n of Maryland*, 535 U.S. 635, 645 (2002). However,

amenable to suit for damages under § 1983." *Arizonans for Off. Eng. v. Ariz.*, 520 U.S. 43, 69 n.24 (1997). The claims against Franz in her official capacity are also DISMISSED with prejudice.

Defendants next assert that Franz is entitled to qualified immunity for Plaintiffs' federal constitutional claims. (Dkt. No. 15 at 20.) Qualified immunity protects "government officials . . . from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). It is the plaintiff's burden to demonstrate that the defendant "violated a federal statutory or constitutional right" and "the unlawfulness of their conduct was clearly established at that time." *Moore v. Garnand*, 83 F.4th 743, 750 (9th Cir. 2023) (internal quotations omitted). A court "may begin the qualified immunity analysis by considering whether there is a violation of clearly established law without determining whether a constitutional violation occurred." *Krainski v. Nevada ex rel. Bd. of Regents of Nevada Sys. of Higher Educ.*, 616 F.3d 963, 969 (9th Cir. 2010). "To determine whether a constitutional right has been clearly established for qualified immunity purposes," the court "must survey the legal landscape and examine those cases that are most like the instant case." *Krainski*, 616 F.3d at 970 (quoting *Trevino v. Gates*, 99 F.3d 911, 917 (9th Cir. 1996)). To show that a right is "clearly established," "existing precedent must have placed the statutory or constitutional question beyond debate." *Ashcroft v. al-Kidd*, 563 U.S. 731, 741 (2011). Additionally, the right must have been established "at the time of the alleged violation." *Moran v. State of Wash.*, 147 F.3d

---

Plaintiffs do not plead any facts suggesting an ongoing violation of federal law. Plaintiffs therefore do not properly plead a claim for injunctive relief under *Ex Parte Young*. *Strandquist*, 2024 WL 4645146, at *6 ("A catch-all request for just and equitable relief does not sufficiently plead a claim for injunctive relief under *Ex parte Young*.").

ORDER ON MOTION TO DISMISS (DKT. NO. 15) - 6

839. 844 (9th Cir. 1998). The Supreme Court has cautioned against defining "clearly established right" with excessive generality. *Plumhoff v. Rickard*, 572 U.S. 765, 778–79 (2014).

Thus, the question here is whether Franz' alleged misconduct violated a clearly established constitutional right that a reasonable person in their position would have known about. Plaintiffs point to no case law indicating that Defendants' actions violated a clearly established right. Plaintiffs suggest that *Tandon v. Newsom* supports the existence of a clearly established "right to religious practice in the face of overbroad measures to restrain COVID-19." (Dkt. No. 17 at 14–15) (citing 593 U.S. 61, 62 (2021)). The Ninth Circuit, however, has concluded that cases involving vaccine mandates are "meaningfully *distinct* from the recent cases involving COVID-19 restrictions on worship in churches and private homes," such as *Tandon*. *Doe v. San Diego Unified Sch. Dist.*, 19 F.4th 1173, 1181 (9th Cir. 2021) (emphasis added). Plaintiffs also propose that *Roman Catholic Diocese v. Cuomo*, 592 U.S. 14 (2020) supports a clearly established Free Exercise right in this context. (Dkt. No. 17 at 14–15.) That case, however, did not involve a vaccination mandate and does not have facts analogous to those plead in this litigation. A reasonable official would not assume that either case applies to this fact pattern.

As for their Equal Protection and Contracts Clause claims, Plaintiffs fail to put forth any caselaw indicating Defendants' actions violated a clearly established right. Indeed, district courts have consistently found that officials are entitled to qualified immunity in challenges to public health orders and vaccine mandates passed during the midst of the global COVID-19 pandemic. *See, e.g., Strandquist,* 2024 WL 4645146, at *7; *Sinclair v. Blewett*, No. 2:20-CV-1397-CL, 2024 WL 21434, at *4 (D. Or. Jan. 2, 2024); *Northland Baptist Church of St. Paul, Minnesota v. Walz*, 530 F. Supp. 3d 790, 806–807 (D. Minn. 2021), aff'd sub nom. *Glow In One*

ORDER ON MOTION TO DISMISS (DKT. NO. 15) - 7

1  *Mini Golf, LLC v. Walz*, 37 F.4th 1365 (8th Cir. 2022); *New Mexico Elks Ass'n v. Grisham*, 595
2  F. Supp. 3d 1018, 1027 (D.N.M. 2022); *Benner v. Wolf*, 2021 WL 4123973, at *5 (M.D. Pa.
3  Sept. 9, 2021). Ninth Circuit precedent affirms the reasoning of these decisions. *See Bacon v.
4  Woodward*, 2024 WL 3041850, at *1 (9th Cir. June 18, 2024) (upholding facial validity of
5  Proclamation against Free Exercise challenge); *Johnson v. Kotek*, No. 22-35624, 2024 WL
6  747022, at *3 (9th Cir. Feb. 23, 2024) (qualified immunity bars substantive due process claims
7  against Oregon governor for vaccine mandate); *Armstrong v. Newsom*, No. 21-55060, 2021 WL
8  6101260, at *1 (9th Cir. Dec. 21, 2021) (qualified immunity bars suits against California
9  governor for his stay-at-home executive order because the order did not violate clearly
10 established law in March 2020).

11      The Court therefore finds Franz is entitled to qualified immunity as to Plaintiffs' Free
12 Exercise, Equal Protection, and Contracts Clause claims and DISMISSES these claims with
13 prejudice.

14      Defendants also assert they are entitled to qualified immunity on Plaintiffs' procedural
15 due process claim. (Dkt. No. 18 at 11.) Plaintiffs suggest they were denied a procedural due
16 process right because they were not provided *Loudermill* hearings before termination. (Dkt. No.
17 17 at 16). *See Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532 (1985). "The process due to
18 those employees is, at minimum, notice and an opportunity to be heard before termination,"
19 Plaintiffs argue. (*Id*. at 17.) However, Plaintiffs do not identify clearly established law requiring
20 *Loudermill* hearings employees that are separated due to a generally applicable requirement—
21 like a vaccine mandate. In fact, Ninth Circuit precedent cuts the opposite way. In *Bacon*, the
22 court explained that "[t]he notice provided in the Proclamation was . . . sufficient" to satisfy
23 procedural due process challenges to "the substantive rules applied" while implementing the
24

Proclamation, including objections to "what [plaintiffs] considered to be an overly stringent, 'sham' approach to accommodations." *Bacon*, 2024 WL 3041850, at *2 (citing *Rea v. Matteucci,* 121 F.3d 483, 484–85 (9th Cir. 1997)). What is more, this Court has already found that the Proclamation and its exemptions and accommodations requirements provided the essential requirements of "notice and an opportunity to respond" required by *Loudermill*. *Pilz v. Inslee*, No. 3:21-cv-05735-BJR, 2022 WL 1719172, at *7 (W.D. Wash. May 27, 2022) *aff'd,* No. 22-35508, 2023 WL 8866565 (9th Cir. Dec. 22, 2023). As this Court and other courts have repeatedly recognized, "when a policy is generally applicable, employees are not 'entitled to process above and beyond the notice provided by the enactment and publication' of the policy itself." *Bacon,* 2021 WL 5183059, *3, *see also Strandquist v. Washington State Dep't of Soc. & Health Servs.*, No. 3:23-CV-05071-TMC, 2024 WL 4645146, *6 (W.D. Wash. Oct. 31, 2024); *Shirley v. Wash. Dep't of Fish and Wildlife*, No. 3:23-CV-05077-DGE, 2025 WL 1360872, *5 (W.D. Wash. May 9, 2025); *Harris v. Univ. of Massachusetts, Lowell*, 557 F. Supp. 3d 304, 312 (D. Mass. 2021); *Valdez v. Grisham*, 559 F. Supp. 3d 1161, 1178 (D.N.M. 2021) *aff'd*, No. 21-2105, 2022 WL 2129071 (10th Cir. June 14, 2022).[3]

---

[3] Moreover, Plaintiffs affirm that the agency entered into a CBA with represented Plaintiffs as to how to implement the vaccine mandate. (Dkt. No. 1 at 27–28). Plaintiffs reference the CBA at multiple times throughout the Complaint. The Court takes judicial notice of the agreement itself. *Khoja v. Orexigen Therapeutics*, 899 F.3d 988, 999–1000 (9th Cir. 2018) (discussing taking judicial notice of a document). The document reads: "Notice of pre-separation for non-vaccination status will be sent to impacted employees by October 1, 2021, via U.S. Mail and work e-mail, if a work email address is available. The notice will include: an opportunity to respond to the pre-separation notice, either at a virtual meeting scheduled by the Employer or in writing if the employee prefers and that the employee is entitled to Union representation." (Dkt. No. 7 at 7.)

The Court therefore finds the Franz is entitled to qualified immunity as to Plaintiffs' Procedural Due Process claim and DISMISSES this claim with prejudice. Accordingly, all of Plaintiffs' federal claims are DISMISSED with prejudice.

2. State law claims

Having dismissed all claims over which the Court has original jurisdiction, the Court declines to exercise jurisdiction over Plaintiffs' supplemental state law claims. *See* 28 U.S.C. § 1367(c)(3); *see also Ove v. Gwinn*, 264 F.3d 817, 826 (9th Cir. 2001) ("A court may decline to exercise supplemental jurisdiction over related state-law claims once it has 'dismissed all claims over which it has original jurisdiction.'"). The Court DISMISSES these claims without prejudice.

### IV    CONCLUSION

Accordingly, and having considered Defendants' motion (Dkt. No. 15), the briefing of the parties, and the remainder of the record, the Court finds and ORDERS as follows:

1. Defendants' motion to dismiss is GRANTED in part. Plaintiffs' federal constitutional claims against WDNR are DISMISSED without prejudice. Plaintiffs' federal constitutional claims against Franz are DISMISSED with prejudice.

2. The Court declines to exercise supplemental jurisdiction over Plaintiffs' state law claims and DISMISSES these claims without prejudice

Dated this 19th day of May, 2025.

David G. Estudillo
United States District Judge